IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  CR 119-022 |
| | * |
| KELDRICK DEMONTA STREETMAN | * |

**O R D E R**

On March 1, 2021, Defendant Keldrick Demonta Streetman filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), the compassionate release provision. The Government opposes the motion.

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists specific examples of extraordinary

and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A) to include a defendant's serious medical condition. In this case, Defendant claims he has a qualifying medical condition because he is particularly vulnerable to COVID-19 since he is obese, has high blood pressure, and is immunocompromised from years of second-hand smoke. (Def.'s Mot., Doc. 111, at 4.)

The Government has submitted Defendant's inmate medical records indicating that on January 12, 2021, he refused a COVID-19 vaccine. (Gov't Resp. in Opp'n, Doc. 118, Ex. A at 61.) Declining the opportunity to dramatically reduce his risk of exposure to COVID-19, Defendant has undermined his assertion that he is at increased risk from the virus. As one district court has put it, a defendant "cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." See United States v. Lohmeier, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (also stating that notwithstanding the defendant's own recalcitrance, the fact that other inmates and staff are being vaccinated lowers his risk exposure). The Court also notes that the medical records do not indicate that Defendant is immunocompromised. And, it appears that his hypertension is well-managed with medication. Moreover, Defendant was sentenced in July 2020 during the pandemic; yet, he did not raise his medical condition in mitigation of his sentence. Notably, the Court

already departed from the recommended guideline range by 22 months in imposing Defendant's sentence.

Importantly, even if Defendant has a qualifying medical condition due to the risk of serious adverse effects he faces should he contract COVID-19, the Court retains discretion over whether to grant relief and must weigh the sentencing factors of 18 U.S.C. § 3553(a) prior to release.  See 18 U.S.C. § 3582(c)(1)(A).  Upon careful consideration thereof, the Court particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served.  Defendant was only recently sentenced, and with more than a year remaining on his already reduced sentence, early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.  In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing.

Upon the foregoing, Defendant Keldrick Demonta Streetman's motion for compassionate release (doc. 111) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of April, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA